ORANGE BELT DISTRICT COUNCIL OF PAINTERS NO. 48, etc., Appellant,

v.

W. E. STUBBLEFIELD & SONS, a corporation, Appellee.

No. 23968.

United States Court of Appeals, Ninth Circuit.

Jan. 28, 1971.

Lionel Richman (argued), of Richman & Garrett, Los Angeles, Cal., for appellant.

William Shernoff (argued), of Hafif & Shernoff, Claremont, Cal., for appellee.

Before JERTBERG, ELY, and HUFSTEDLER, Circuit Judges.

ELY, Circuit Judge:

The appellee (Stubblefield) is an employer whose building and construction activities affect interstate commerce. On June 19, 1959, it entered into a collective bargaining agreement with the Building and Construction Trades Council of San Bernardino and Riverside Counties, California. The purpose of this Building Trades Agreement was to preserve work opportunities and to maintain standards of wages and working conditions in the construction and building industry for the unions affiliated with the Trades Council. The appellant union was a member of this Council and was signatory to a Standard Master Collective Bargaining Agreement (Standard Agreement) covering the employment of painters. Stubblefield was not a member of the employers' association that executed the Standard Agreement with the union. While Stubblefield has, since 1963, employed painters, it has declined to sign the Standard Agreement. Although it tendered welfare and health benefits to the union, it sought to negotiate on several other nonmandatory provisions of the agreement. The union, refusing to bargain or to accept the tendered health and welfare payments, sought declaratory relief, injunctive enforcement of the Standard Agreement, and damages. Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

The disputed clause in the Building Trades Agreement, the source of this controversy, reads:

"The EMPLOYER agrees that all work performed under the jurisdiction of any union affiliated with the COUNCILS shall be performed pursuant to *an executed current agreement with the appropriate union* having work and territorial jurisdiction and affiliated with the COUNCIL \* \* \*." (emphasis added)

The union contends that by executing this clause the employer obligated itself to sign the Standard Agreement. The District Court entered judgment in favor of the employer, holding that the clause did not incorporate, by reference, the then existing Standard Agreement, and thus, that the employer was free to bargain with the union. We affirm.

It appears to be *common practice* in many industries for employers to bind themselves to yearly executed craft agreements, either because they are members of the multi-employer associations that sign the agreements or because the building trades agreements, which they themselves sign, *clearly* refer to the craft or standard agreements. *See* Schlecht v. Hiatt, 271 F.Supp. 644 (D.Or.1967), rev'd, 400 F.2d 875 (9th Cir. 1968); Line Drivers Local No. 961, of Intern. Broth. of Teamsters, Chauffers, Warehousemen and Helpers of America v. W. J. Digby, Inc., 218 F. Supp. 519 (D.Colo.1963), aff'd, 341 F.2d 1016 (10th Cir. 1965). It is not necessary that the craft agreement be labeled explicitly in order for it to be incorpo-

rated by reference into the building trades agreement. Calhoun v. Bernard, 359 F.2d 400 (9th Cir. 1966), aff'g after remand, 333 F.2d 739 (1964). But we believe, as did the District Court, that there cannot be incorporation by reference without more specific contractual language than merely "an executed current agreement." We find no authority for the proposition that Stubblefield had delegated its authority to make agreements to the association of which it was not a member nor can we agree that the Building Trades Agreement clause bound it to sign the Standard Agreement. Support for our view that the employer bound itself only to negotiate with the crafts is found in paragraph six of the Building Trades Agreement, which provides:

"In the event that the EMPLOYER or any of his subcontractors fails to execute a current agreement with the appropriate union, as hereinabove provided, the EMPLOYER shall be liable for wages of all work performed by mechanics and laborers employed, computed at wage rates not less than those certified by the Secretary of Labor under the Davis-Bacon Act."

This provision apparently contemplated that the employer might choose *not* "to execute a current agreement with the appropriate union." It is elementary that ambiguities in a contract are interpreted against the drafting party. *See, e. g.*, Calif.Civil Code, § 1654 (West. 1970); Restatement of Contracts § 236(d).

While we are sympathetic to the union's arguments that common law rules should be stretched to accommodate collective bargaining policy, *i. e.*, to promote better employee working conditions and to insure industrial peace, we will not rewrite the contract prepared by the union in this case. Although the Supreme Court broadly defined the collective bargaining contract involved in Retail Clerks Intern. Ass'n, Local Unions Nos. 128 and 633 v. Lion Dry Goods, Inc., 369 U.S. 17, 28, 82 S.Ct. 541, 7 L. Ed.2d 503 (1962), the court was there considering whether a strike settlement agreement was such a contract as to supply a foundation for section 301 jurisdiction (29 U.S.C. § 185). *See* Seltzer & Co. v. Livingston, 253 F.Supp. 509, 512–513 (S.D.N.Y.), aff'd, 361 F.2d 218 (2d Cir. 1966). Our case does not center on jurisdiction, but rather it concerns the interpretation of one clause of a contract considered in connection with another.

The District Court concluded that the employer, in executing the Building Trades Agreement, merely obligated itself to negotiate with the respective crafts, and we are not convinced that the determination was erroneous.

Affirmed.