**BARTENDERS AND CULINARY WORKERS UNION, LOCAL 340, Plaintiff-Appellant,**

**v.**

**HOWARD JOHNSON COMPANY et al., Defendants-Appellees.**

Nos. 71-2854, 71-2855.

United States Court of Appeals, Ninth Circuit.

April 30, 1976.

Rehearing Denied May 20, 1976.

Donald C. Carroll (argued), San Francisco, Cal., for plaintiff-appellant.

Nathan R. Berke (argued), San Francisco, Cal., for defendants-appellees.

## OPINION

Before BROWNING, WALLACE and SNEED, Circuit Judges.

BROWNING, Circuit Judge:

The Union appeals from the dismissal of its action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for specific performance and damages for breach of a collective bargaining agreement by Howard Johnson Company.

The Union and the San Mateo County Restaurant Hotel Owners Association, acting on behalf of its member employers, entered into the collective bargaining agreement on January 1, 1970. Among the members of the Association was the Pacific Gulf Development Corporation, which owned and operated the Howard Johnson's Motor Lodge in Redwood City, California, pursuant to a license agreement with the appellee Company. The collective bargaining agreement contained a "successorship clause," providing that during the life of the agreement all of its terms would be "binding upon the parties hereto and their successors, transferees, lessees, or assigns." The agreement was effective for a period of four years, until December 31, 1973.

In the fall of 1970 the Company and Pacific Gulf agreed to cancel the license arrangement for Motor Lodge. The Company subleased the lodge and purchased the furniture, fixtures, and equipment from Pacific Gulf and assumed control of operations effective November 1. The Company made no change in employees or supervisory personnel (except the manager), and continued to render the same services from the same facilities under the same name. The Company refused to recognize the union or to be bound by the collective bargaining agreement. The Union filed an unfair labor practice charge with the National Labor Relations Board.[1]

The Union also filed this action for specific performance of the collective bargaining agreement and for damages as a result of the Company's refusal to abide by the terms of the agreement. The Company moved to dismiss on three grounds: (1) the case was within the exclusive jurisdiction of the NLRB; (2) section 301 jurisdiction exists only when there is an undisputed contract between the parties; and (3) a court may not impose the substantive terms of a

---

1. The Board determined that the Company had engaged in unfair labor practices by refusing to recognize and bargain with the Union and by unilaterally changing the terms and conditions of employment. *Howard Johnson Co.,* 198 N.L.R.B. No. 98 (1972), enforced, 496 F.2d 532 (9th Cir. 1974). The trial examiner also concluded that the Company had engaged in an unfair labor practice by refusing to honor and abide by the existing collective bargaining contract, and recommended that the Company be required to "honor, adopt and enforce that contract until its normal expiration date." 198 N.L.R.B. No. 98 at 12. The Board deleted the latter portion of the remedy under the compulsion of *NLRB v. Burns International Security Serv., Inc.,* 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972).

collective bargaining agreement upon a successor employer who has not assumed the agreement and was not a party to it. The district court granted the motion to dismiss without comment.[2] We affirm.[3]

■ The first two grounds are frivolous. District court jurisdiction to entertain a suit under section 301 to enforce a collective bargaining agreement is not preempted by the grant of jurisdiction over unfair labor practices to the Board. *Lodge 1327, Machinists & Aerospace Workers v. Fraser & Johnston Co.*, 454 F.2d 88, 90–91 (9th Cir. 1971). Nor does the court lack jurisdiction under section 301 simply because the Company contends that it is not bound by the collective bargaining contract. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). *Orange Belt District Council of Painters v. W. E. Stubblefield & Sons*, 437 F.2d 754 (9th Cir. 1971), is not in point. The court did not question its section 301 jurisdiction, but simply concluded, as a matter of contract interpretation, that the employer had not agreed to be bound by a separate agreement entered into between the Union and others.

■ The third ground, however, requires affirmance. *NLRB v. Burns International Security Service, Inc.*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972), held that the Board may not order a successor employer to abide by the substantive provisions of a collective bargaining contract negotiated by its predecessor but not agreed to or assumed by the successor employer. *Howard Johnson Co. v. Hotel Employees*, 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974), held that the fundamental policies outlined in *Burns* cannot be disregarded in a court proceeding under section 301. Courts and secondary authorities alike are virtually unanimous in the view that a court may not impose the substantive provisions of a collective bargaining contract, as distinguished from the obligation to arbitrate, upon a nonconsenting successor employer. *See, e.g., Printing Specialties & Paper Products Union No. 477 v. Pride Papers Aaronson Bros. Paper Corp.*, 445 F.2d 361, 364 (2d Cir. 1971); *Bath Iron Works Corp. v. Bath Marine Draftsmen's Ass'n*, 393 F.2d 407, 410 n. 3 (1st Cir. 1968); *United Steelworkers of America v. Reliance Universal, Inc.*, 335 F.2d 891, 894–95 (3d Cir. 1964); *Retail Clerks Local 1552 v. Lynn Drug Co.*, 299 F.Supp. 1036, 1040–42 (S.D. Ohio 1969); *Retail Store Employees Union v. Lane's of Findlay, Inc.*, 260 F.Supp. 665, 656–58 (N.D.Ohio 1966); Goldberg, *The Labor Law Obligations of a Successor Employer*, 63 Nw.L.Rev. 735, 773–75 (1969); Note, *The Successor Employer's Duty to Arbitrate: A Reconsideration of John Wiley & Sons, Inc. v. Livingston*, 82 Harv.L.Rev. 418, 422–28 (1968); Note, *The Contractual Obligations of a Successor Employer under the Collective Bargaining Agreement of a Predecessor*, 113 U.Pa.L.Rev. 914, 923–28 (1965). *See also* Swerdlow, *Freedom of Contract in Labor Law*: Burns, H. K. Porter, *and Section 8(d)*, 51 Texas L.Rev. 1, 15 (1972); Note, *Recent Developments in Labor Law of Successorship*, 26 Syracuse L.Rev. 798 n. 4 (1975); Casenote, 51 Wash. L.Rev. 470 (1976); *Contra*, Feller, *Status of the Collective Bargaining Agreement under Wiley v. Livingston: A Union Counsel's View* in Proceedings of N.Y.U. 18th Annual

---

**2.** Since the Company presented affidavits and exhibits in support of its motion which were not excluded by the district court, the motion to dismiss apparently was treated as a motion for summary judgment. Fed.R.Civ.P. 12(b).

**3.** The action is not moot. Despite the expiration of the collective bargaining agreement, the Union's claim for damages makes the controversy a continuing one. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 459, 77 S.Ct. 912, 919, 1 L.Ed.2d 972, 982 (1957); *see John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 554–55, 84 S.Ct. 909, 917, 11 L.Ed.2d 898, 907

(1964). The NLRB order requires that the Company "[m]ake whole the employees . . for any loss of pay or other benefits they may have suffered as a result of [the Company's] unilateral implementation of rates of pay, wages, hours, and other terms and conditions of employment . . .." The "make whole" provision may not satisfy the union's damage claim, however. The order has not yet been implemented, and the award under the order may not equal the damages sought in this action.

Conference on Labor 277, 283 (T. Christensen ed. 1966).

The Union rests upon *John Wiley & Sons*, arguing that it remains good law despite the subsequent decisions in *Burns International Security Service* and *Howard Johnson Co.*, and on the facts of this case, requires the court to impose the full collective bargaining agreement upon the Company. We need not decide whether *Wiley* survived *Burns* and *Howard Johnson* ; nor need we decide whether, if *Wiley* survived, it is distinguishable from the case before us. As the Supreme Court noted in *Burns* (406 U.S. at 286, 92 S.Ct. at 1581, 32 L.Ed.2d at 72), *Wiley* did not impose the full collective bargaining agreement upon the successor employer. On the contrary, the successor was compelled only to arbitrate. Whether any of the substantive terms of the agreement were binding upon the successor was left to the arbitrator to determine. 376 U.S. at 555, 84 S.Ct. at 917, 11 L.Ed.2d at 907.[4]

██ The Union argues that an order requiring the successor to arbitrate presupposes a collective bargaining agreement binding upon the successor, both because the arbitration clause of the agreement is the source of the obligation to arbitrate (*John Wiley & Sons, Inc. v. Livingston, supra*, 376 U.S. at 547, 84 S.Ct. at 913, 11

L.Ed.2d at 903), and because an arbitrator is confined to interpreting and applying the agreement. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409, 1417 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960). There is no incisive response, in purely conceptual terms, to this argument. The rule of *Wiley* that in some circumstances a duty to arbitrate may be imposed upon a successor-employer is an "accommodation between the legislative endorsement of freedom of contract and the judicial preference for peaceful arbitral settlement of labor disputes." *NLRB v. Burns International Security Service, Inc., supra*, 406 U.S. at 286, 92 S.Ct. at 1581, 32 L.Ed.2d at 72. The consensual element survives in the requirement that there be a contract "reasonably related to the party sought to be obligated." *John Wiley & Sons, Inc. v. Livingston, supra*, 376 U.S. at 550, 84 S.Ct. at 915, 11 L.Ed.2d at 905. This entails a "substantial continuity of identity in the business enterprise before and after a change [which] would make a duty to arbitrate something . . . reasonably to be found in the particular bargaining agreement and the acts of the parties involved," rather than something "imposed from without." *Id.* 376 U.S. at 551,

---

**4.** It is true that we said in *Wackenhut Corp. v. International Union, United Plant Guard Workers*, 332 F.2d 954, 958 (9th Cir. 1964), that a successor employer is "bound by the collective bargaining agreement entered into by [its predecessor]," and that "a collective bargaining agreement containing an arbitration provision, entered into by the predecessor employer is binding upon the successor employer." Since the union in that case sought and was granted enforcement only of the arbitration provision of the agreement (332 F.2d at 955), these statements are dicta and probably inadvertent. Goldberg, *The Labor Law Obligations of a Successor Employer*, 63 Nw.U.L.Rev. 735, 775 (1969).

The same is true of *Teamsters Local 524 v. Billington*, 402 F.2d 510 (9th Cir. 1968). Moreover, the successor corporation by its conduct had ratified the acts of the agent who negotiated and agreed to the collective bargaining agreement.

Language in *Teamsters Local 249 v. Bill's Trucking, Inc.*, 493 F.2d 956 (3d Cir. 1974), also supports the Union. In a § 301 breach of contract action, the Third Circuit concluded that the "district court erred in holding that the Union could not conceivably prove a set of facts that would justify the imposition upon [the successor] of some or all of [the predecessor's] labor obligations." 493 F.2d at 963. The decision is clearly correct to the extent that it holds that the substantive provisions of the contract could be imposed if the proof showed that the successor and predecessor were in fact the same corporation. 493 F.2d at 961-62. It is a minority holding, however, to the extent that it approves court imposition of substantive terms upon proof of substantial continuity of enterprise. The decision predates *Howard Johnson Co. v. Hotel Employees,* and is particularly questionable because the Union's principal complaint appears to have been that the successor failed to retain the employees of the predecessor employer. 493 F.2d at 958.

84 S.Ct. at 915, 11 L.Ed.2d at 905. This much being present, a meeting of the minds in a strictly contractual sense is foregone in furtherance of the public policy favoring industrial peace and in recognition of the efficacy of arbitration as a means of achieving it. It is precisely the superiority of arbitration over administrative and judicial remedies as a means of furthering the interests in peaceful settlement of disputes[5] that justifies a moderation of the insistence upon strict freedom of contract. *Cf. Boeing Co. v. Machinists & Aerospace Workers,* 504 F.2d 307, 322 & n. 29 (5th Cir. 1974); *United Steelworkers of America v. United States Gypsum Co.,* 492 F.2d 713, 726–27, *affirmed on rehearing,* 498 F.2d 334 (5th Cir. 1974); *United Steelworkers of America v. Reliance Universal, Inc., supra,* 335 F.2d at 895.[6]

The Union makes it unequivocally clear that it does not seek arbitration. "Only the imposition of the collective bargaining agreement for its term," the Union states, "will give the employees of Howard Johnson the rights and benefits to which they are entitled." The Union contends that the employer may not claim that arbitration under the contract is the only available remedy because the Company did not ask for arbitration but instead repudiated the contract. *But cf. Drake Bakeries, Inc. v. Local 50, Bakery Workers,* 370 U.S. 254, 261–64, 82 S.Ct. 1346, 1350, 8 L.Ed.2d 474,

479 (1962). However, the problem is not failure by either the Union or the Company to exhaust the arbitration remedy. Rather, the Union asks only for relief the courts may not give.

Affirmed.

SNEED, Circuit Judge (concurring in result):

I agree that the only issue before us is whether we should impose upon Howard Johnson Company the terms of the collective bargaining agreement of which the Union seeks specific performance. I also agree that we should not so impose these terms. The Company is not a successor employer for this purpose under the reasoning of *NLRB v. Burns Security Services,* 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972).

This is enough to decide the case. It is unnecessary to suggest that the obligation to arbitrate survives by reason of *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). If required to express such an opinion, I would find *Howard Johnson Co. v. Hotel Employees,* 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974), highly persuasive. In any event, there appears to me no reason to discuss the conceptual difficulties of imposing a duty to arbitrate while not imposing on the alleged successor all the obligations of the collective bargaining agreement.

The Union also calls attention to the footnote comment in *Howard Johnson* that a successorship clause "cannot bind [the successor employer] either to the substantive terms of the agreements or to the arbitration clauses thereof, absent the continuity required by *Wiley,* when it is perfectly clear the Company refused to assume any obligation under the agreements." 417 U.S. at 258 n. 3, 94 S.Ct. at 224, 41 L.Ed.2d at 54. The Union argues the Court intended to imply that if "the continuity required by *Wiley*" was present, as in this case, the successor employer would be bound by both the substantive terms of the contract and the arbitration clause. We decline to attach such important consequences to distant inferences from a footnote comment directed at a different question.

---

**5.** *See United Steelworkers of America v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409, 1415 (1960); *Gateway Coal Co. v. United Mineworkers of America,* 414 U.S. 368, 377–79, 94 S.Ct. 629, 635, 38 L.Ed.2d 583, 592 (1974); Note, *The Supreme Court, 1973 Term,* 89 Harv.L.Rev. 41, 271–72 (1974); Goldberg, *supra* note 4, at 745; Comment, *Contractual Successorship: The Impact of Burns,* 40 U.Chi.L.Rev. 617, 631, 633 (1973).

**6.** The Union points to Justice Rehnquist's statement in *Burns* that a successor employer may be required "to perform the contract." 406 U.S. at 305, 92 S.Ct. at 1591, 32 L.Ed.2d at 83. There is nothing to indicate that Justice Rehnquist intended in this passing reference to distinguish between an arbitration clause and the provisions of the whole contract, or between enforcement by a court and enforcement by an arbitrator.

Whether an employer is a "successor" varies with the context in which the issue arises. For example, a failure of the duty to arbitrate to survive, however, need not mean that the Company is not under a duty to recognize and bargain with the Union. That is a different issue. As has been said: "There is, and can be, no single definition of 'successor' which is applicable in every legal context." *Howard Johnson Co. v. Hotel Employees, supra* at n. 9. That being so, I think we should decide no more than is necessary to the disposition of this case.