**HOSPITAL AND INSTITUTIONAL WORKERS LOCAL 250, Plaintiff-Appellant,**

v.

**PASATIEMPO DEVELOPMENT CORP., Defendant-Appellee.**

No. 78–3252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 1980.

Decided Sept. 17, 1980.

David A. Rosenfeld, Van Bourg, Allen, Weinberg, Williams & Roger, San Francisco, Cal., for plaintiff-appellant.

R. Brian Dixon, San Francisco, Cal., argued, for defendant-appellee; J. Richard Thesing, San Francisco, Cal., on brief.

Before BROWNING, Chief Judge, KENNEDY, Circuit Judge, and HOFFMAN,[*] District Judge.

PER CURIAM:

Hospital and Institutional Workers Local 250 (the Union) appeals the denial of its petition to compel arbitration pursuant to § 301 of the Labor Management Reporting Act. The Union sought arbitration to resolve a dispute over Pasatiempo's discharge of one of its employees from a convalescent hospital. When the discharge occurred, Pasatiempo had just purchased the facility from an owner whose collective bargaining agreement with the Union had expired. Although Pasatiempo and the Union negotiated a new contract, its effective date was after the discharge.

As the Union concedes, *NLRB v. Burns International Security Service*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972), and *Howard Johnson Co. v. Detroit Local Joint Executive Board*, 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974), establish that a successor employer is not bound by the substantive terms of a collective bargaining agreement unless it expressly or impliedly assumes them. Because the contract had expired when Pasatiempo discharged the employee, we have no occasion to consider the applicability of cases in this circuit that may have suggested that a contractual duty to arbitrate under an existing contract might survive a change in ownership. *See Bartenders & Culinary Workers Local 340 v. Howard Johnson Co.*, 535 F.2d 1160, 1164 (9th Cir. 1976) (Sneed, J., concurring); *Wackenhut Corp. v. International Union United Plant Guard Workers*, 332 F.2d 954, 958 (9th Cir. 1964). Nor are we persuaded that the statutory duty to bargain in good faith obligates an employer in Pasatiempo's situation to arbitrate. *See NLRB v. Bachrodt Chevrolet Co.*, 468 F.2d 963, 969 (7th Cir. 1972), *remanded*, 205 N.L.R.B. 784, *enforced*, 515 F.2d 512 (7th Cir.), *cert. denied*, 423 U.S. 927, 96 S.Ct. 274, 46 L.Ed.2d 255 (1975).

The Union contends that certain conduct by Pasatiempo should be regarded as an agreement to arbitrate. Pasatiempo's maintenance of terms and conditions of employment, including the settling of employee grievances short of arbitration, was consistent with its statutory duty as a successor employer to bargain with the incumbent union. This conduct, and any oral commitments to this effect, are not sufficient to imply an agreement to be bound by the predecessor's expired contract, including the arbitration terms. *See General Warehousemen & Employees Local 636 v. J. C. Penney Co.*, 484 F.Supp. 130, 135 (W.D.Pa. 1980).

A Pasatiempo representative may have initially indicated the company's willingness to arbitrate the discharge dispute even though it was not obligated to arbitrate. That action, however, does not constitute, as a matter of law, an objective manifestation of an agreement to arbitrate. The case turns upon factual issues and the trial court's finding that there was no agreement is not clearly erroneous.

AFFIRMED.

---

* Honorable Water E. Hoffman, Senior Judge, United States District Court for the Eastern District of Virginia, sitting by designation.