**COAST HOTELS AND CASINOS, INC.,
dba Barbary Coast Hotel &
Casino, Plaintiff,**

v.

**CULINARY WORKERS UNION LOCAL
226; Local Joint Executive Board
of Las Vegas; Defendants.**

**No. CV–S–98–01237–JBR (RJJ).**

United States District Court,
D. Nevada.

Feb. 4, 1999.

---

Gregory Smith, Las Vegas, NV, for plaintiff.

McCracken, Richard, Jacobs, Joni, McCracken, Stemerman, Bowen & Holsberry, Las Vegas, NV, for defendant.

### ORDER

RAWLINSON, District Judge.

On September 1, 1998, Plaintiff Coast Hotels and Casinos, dba Barbary Coast Hotel & Casino ("Coast"), filed a complaint (# 1) against Defendants Culinary Workers Union Local 226 and the Local Joint Executive Board of Las Vegas (collectively referred to hereinafter as the "Union"). In its complaint, Barbary Coast requests that this Court vacate an arbitration award. In dispute was the grievance of Kirkland Whittle, a Barbary Coast employee represented by the Union, who was allegedly terminated for misconduct. Barbary Coast contends the arbitrator lacked jurisdiction because the collective bargaining agreement, which provided for arbitration, had previously terminated.

On October 1, 1998, Barbary Coast moved (# 6) for summary judgment alleging it had no duty to arbitrate the employee's grievance, and the arbitrator therefore did not have jurisdiction. On October 19, 1998, the Union opposed (# 9) Barbary Coast's motion and filed a cross-motion for summary judgment (# 8). The Union argues that it and Barbary Coast had entered into an implied contract to arbitrate the Whittle dispute. The Union further argues that because Barbary Coast proceeded with arbitration, it waived its right to object to the arbitrator's jurisdiction. On November 19, 1998, Barbary Coast replied (# 22) to the Union's opposition and opposed the Union's motion for summary judgment.

### SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedures, summary judgment shall be granted when, viewing the facts in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact, and (2) the moving party is entitled to summary judgment as a matter of law. The plain language of Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden of the moving party may be discharged by pointing out to the district court an absence of evidence necessary to support the nonmoving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Once the moving party has satisfied his burden, he is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324–25, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy*, 68 F.3d at 1221. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Celotex*, 477 U.S. at 324–25, 106 S.Ct. 2548.

### FINDINGS OF FACT

Kirkland Whittle was employed under a collective bargaining agreement (the "Agreement") between the Union and Barbary Coast. The agreement provided that disputes between the Union employees and Barbary Coast be decided by arbitration. Pursuant to the terms of the Agreement, Barbary Coast, on November 3, 1994, exercised its option to change the expiration date of the Agreement to May 31, 1997. The Agreement terminated on that date and was not expressly extended or renewed. The Union and Barbary Coast have not entered into a new collective bargaining agreement.

On October 20, 1997, Whittle was terminated for alleged misconduct. Whittle, thereafter, filed a grievance with the Union protesting his termination as a violation of the

Agreement. By letter to Barbary Coast dated November 4, 1997, the Union requested arbitration of the Whittle grievance pursuant to the Agreement. On November 6, 1997, the Food Manager for Barbary Coast talked with a representative of the Union, and then indicated to Barbary Coast that the Union had voted that the Whittle grievance be sent to arbitration. In a letter dated November 17, 1997, the Union informed Barbary Coast that it had received a panel of arbitrators from the Federal Mediation and Conciliation Service ("FMCS") from which an arbitrator could be selected. Barbary Coast, however, informed the Union that the arbitrator should be selected from the panel specified in Section 19.04 of the Agreement. On November 24, 1997, the Union and Barbary Coast selected Benjamin Aaron, from the panel specified in the Agreement. Mr. Aaron was chosen through an alternative striking process as provided for in the Agreement, with the attorney for Barbary Coast striking the first name on the list. The Union, thereafter, notified Mr. Aaron of his selection.

The Arbitrator sent to the Union a list of available dates for a hearing on the Whittle grievance. After an exchange of phone calls, the Union's counsel and counsel for Barbary Coast selected February 4, 1998, as the hearing date for the arbitration. In a letter dated January 28, 1998, Barbary Coast's counsel informed the Union of the exhibits it intended to introduce at arbitration. In a letter dated January 2, 1998, but which was apparently faxed to the Union on February 2, 1998, counsel for Barbary Coast, for the first time, informed the Union that since the Agreement had expired, Barbary Coast intended to argue to the arbitrator that he was without jurisdiction to hear the case. The letter came after the deadline for the parties to cancel the hearing without incurring the $600.00 cancellation fee. Based on this letter, the Union's counsel prepared to argue the question of arbitrability to the arbitrator.

At the hearing, however, Barbary Coast's counsel objected to arbitration because Barbary Coast did not believe that the Whittle grievance was arbitrable. Counsel then reserved the question of the arbitrator's jurisdiction "for later determination, if necessary." Transcript dated February 18, 1998 of the arbitration hearing on February 4, 1998, "In the Matter of the Arbitration between Union and Barbary Coast," (hereinafter "Transcript"), p. 6. Subject to the aforementioned objection, Barbary Coast proposed to arbitrate the issue of whether Whittle "was terminated for just cause and if not, what is the appropriate remedy." (Transcript, p. 9). After a two-day hearing, the arbitrator issued his decision on August 19, 1998. The arbitrator found that Whittle's discharge was not for just cause, and ordered Whittle to be reinstated with full back pay, seniority, and other benefits.

## ANALYSIS

First, the Court must determine whether Barbary Coast properly reserved for this Court the issue of the arbitrator's jurisdiction to resolve the Whittle grievance. If this Court finds that the issue has been properly reserved, then this Court must determine whether Barbary Coast was under some obligation to submit the Whittle grievance to arbitration so as to grant the arbitrator jurisdiction.

### Reservation of Jurisdiction

In *Carpenters 46 N. CA Conference Bd. v. Zcon Builders*, 96 F.3d 410, 414 (9th Cir.1996), the court held that "the question of arbitrability—whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." *Quoting AT & T Technologies v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). The court explained, however, that "consent to grant the arbitrator such authority [to determine the question of arbitrability] may be implied from the conduct of the parties in the arbitration setting." *Zcon*, 96 F.3d at 415 *quoting George Day Const. v. United Brotherhood of Carpenters*, 722 F.2d 1471, 1475 (9th Cir.1984). The court should look for conduct which "evinced clearly [the parties] intent to allow the arbitrator to decide not only the merits of the dispute but also the question of arbitrability." *Id.*

In *Van Waters & Rogers v. Local Union 70*, 913 F.2d 736, 740–41 (9th Cir.

1990), the court held that the employer's conduct did not imply consent to determine the question of arbitrability, even though the employer partially submitted the merits of the union's grievance to arbitration, as the employer preserved the question of the arbitrator's jurisdiction for judicial review on the record. The court "set forth two methods by which a party submitting to arbitration may preserve arbitrability for judicial review: a party may (1) object to the arbitrator's authority, refuse to argue the arbitrability issue before him, and proceed to the merits of the grievance; or (2) make an objection as to jurisdiction and express reservation of the question on the record." *Citing George Day,* 722 F.2d at 1475.

Likewise, Barbary Coast, even though it submitted the merits of the Whittle grievance to arbitration, specifically objected to the arbitrability issue, and only submitted the merits subject to its objection. Barbary Coast also refused to argue whether or not the arbitrator had jurisdiction over the dispute and reserved that question for later determination. Barbary Coast, therefore, did all that was necessary to preserve for judicial determination the issue of whether the arbitrator had jurisdiction to decide the Whittle grievance.

### *Arbitrator's Jurisdiction*

The Union admits that Barbary Coast had no duty to arbitrate the Whittle grievance under the Agreement because it had expired. The Union argues, however, that Barbary Coast's conduct created an implied contract obligating Barbary Coast to arbitrate the Whittle grievance. The Union supports this argument with the following facts: (1) neither party expressly terminated the Agreement; (2) Barbary Coast's insistence that the arbitrator be selected from the arbitration panel listed in the Agreement; and (3) Barbary Coast's failure to notify the Union that it would no longer abide by the arbitration provisions of the Agreement until two days before the arbitration hearing, after the time for canceling the hearing without incurring $600 of the Arbitrator's fee. None of these facts, considered separately or collectively, support a finding of an implied contract.

In *Litton Financial Printing Div. v. NLRB,* 501 U.S. 190, 200, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991), the Supreme Court upheld "the basic federal labor policy that arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." Preservation of labor peace, however, requires that district courts have some flexibility when determining whether the parties have agreed to arbitrate labor disputes. *United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry of U.S., Canada, Local Union No. 342 v. Bechtel Const. Co.,* 128 F.3d 1318, 1323 (9th Cir.1997); *see also International Broth. of Teamsters v. Pepsi–Cola,* 958 F.2d 1331, 1335 (6th Cir.1992) (technical rules of contract law are not strictly binding on labor contracts). Even though the courts are allowed some flexibility, no contract to arbitrate labor disputes "arises solely by operation of law." *Litton,* 501 U.S. at 200, 111 S.Ct. 2215. The parties can consent to arbitrate their dispute by explicitly agreeing to be bound or consent can be implied from conduct that is consistent with an intent to be bound. *See New England Mechanical v. Laborers Local Union,* 294, 909 F.2d 1339, 1343 (9th Cir.1990). "An agreement implied in fact is founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Hercules Incorporated v. United States,* 516 U.S. 417, 424, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996); *see also Bay Area Typographical Union, Union No. 21 v. Alameda Newspapers,* 900 F.2d 197, 200 (9th Cir.1990) (should ultimately look to the circumstances of a particular case to discover whether an agreement does exist); *Pepsi–Cola,* 958 F.2d 1331, 1335 (6th Cir.1992) (meeting of the minds in a labor contract shown by conduct manifesting an intention to abide by agreed upon terms).

Contrary to the Union's argument, Barbary Coast did expressly terminate the Agreement. As the Union admits, on November 3, 1994, Barbary Coast exercised its option to change the expiration date of the agreement to May 31, 1997. By changing

the expiration date, Barbary Coast expressly informed the Union that it wished to terminate the Agreement.

■ In *Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 255, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the Supreme Court held that a union's grievance over severance pay was subject to resolution under the arbitration provisions of an expired collective-bargaining agreement. The Court reasoned:

the parties' failure to exclude from arbitrability contract disputes arising after termination, far from manifesting an intent to have arbitration obligations cease with the agreement, affords a basis for concluding that they intended to arbitrate all grievances arising out of the contractual relationship. In short, where the dispute is over a provision of the expired agreement, the presumption favoring arbitrability must be negated expressly or by clear implication.

*Id.* This presumption, however, was limited by the Supreme Court in *Litton* to "disputes arising under the contract." 501 U.S. at 205, 111 S.Ct. 2215. The *Litton* Court further found that a "postexpiration grievance can be said to arise under the contract only where it (1) involves facts and occurrences that arose before expiration; (2) where an action taken after expiration infringes a right that accrued or vested under the agreement; or (3) where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *Id.* at 205–06, 111 S.Ct. 2215.

■ The Union admits that the facts leading to Whittle's termination all arose after the expiration of the Agreement. The Union also does not argue that Whittle had a vested right not to be terminated without just cause, or that such a right survived the Agreement under normal principles of contract interpretation. The Union further does not point to any contractual basis which would indicate that the right to be terminated only for just cause survives the expiration of the Agreement. While Barbary Coast

may not have been permitted to terminate its employees without just cause even though the Agreement expired, such a right is grounded in prohibition against unilateral changes of existing terms and conditions after the expiration of the collective-bargaining agreement in order to protect the statutory right to bargain in good faith. *Litton*, 501 U.S. at 206, 111 S.Ct. 2215. If the right not to be terminated except for just cause survives, it survives by operation of law and does not survive by right of contract under the Agreement nor is a right which had vested or accrued by virtue of the Agreement.[1] *See Litton*, 501 U.S. at 206–07, 111 S.Ct. 2215.

■ As the Whittle grievance did not have its source in the expired Agreement, Barbary Coast's failure to notify the Union that it would not arbitrate the Whittle grievance cannot be a basis for finding an implied in fact contract to arbitrate. *See Pepsi–Cola*, 958 F.2d at 1335 (absent an express indication that employer agreed to implement the arbitration provision of old agreement, union could not have reasonably believed that employer agreed to arbitrate grievances); *but see Luden's Inc. v. Local Union No. 6*, 28 F.3d 347, 354–64 (3rd Cir.1994) (finding an implied-in-fact contract to arbitrate when the employer does not expressly repudiate the arbitration of union grievances, implements its final offer after reaching a bargaining impasse, allowed union employees to remain on the job after their contract expired, and the Union employees continued to work). To do otherwise would grant the Union the *Nolde* presumption favoring arbitrability after the contract expired, without limiting that presumption to the arbitration of matters and disputes arising out of the relation governed by the contract. Arbitration would not be a matter of contract, but would become a requirement by operation of law. Requiring arbitration as an operation of law, however, has been expressly rejected by the Supreme Court. *Litton*, 501 U.S. at 200, 111 S.Ct. 2215.

---

**1.** The Court notes, however, that an agreement to arbitrate is not subject to the NLRA's requirement that prohibits unilateral changes of existing terms and conditions after the expiration of the collective-bargaining agreement. *Litton*, 501 U.S. at 200–01, 111 S.Ct. 2215.

■ Additionally, Barbary Coasts insistence that the arbitrator be selected from the list prescribed by the expired agreement is insufficient to show an agreement to arbitrate the Whittle grievance. In *Pepsi–Cola*, the Sixth Circuit held that the fact that the employer continued to process an employee's grievance up to the arbitration step as provided by the expired collective bargaining agreement does not support the inference that the employer agreed to arbitrate the employee's-grievance. 958 F.2d 1331, 1335–36 (6th Cir.1992). *See also Hospital & Institutional Wkrs. v. Pasatiempo Development,* 627 F.2d 1011, 1012 (9th Cir.1980) (employers initial indication that the company was willing to arbitrate employee grievance was not an objective manifestation of an agreement to arbitrate when the collective bargaining agreement had previously expired). The court in *Pepsi–Cola* found that if the employer had abandoned the grievance procedures of the expired agreement, the employer may have been guilty of violating 29 U.S.C. § 158(a), which prohibits the employer from unilaterally changing the conditions of employment after the collective bargaining agreement expires. 958 F.2d at 1336. The court reasoned that processing the grievance, but refusing to arbitrate supports the inference that the employer wished to avoid a suit for not maintaining the status quo, and does not indicate that the employer impliedly contracted to arbitrate. *Id.*

Barbary Coast's processing of the Whittle grievance up to, and through, arbitration was the only way Barbary Coast could protect itself from a potential lawsuit. If Barbary Coast had refused to select an arbitrator, or refused to proceed with arbitration and this Court found that Barbary Coast was obligated to arbitrate the Whittle grievance, the Union could have charged Barbary Coast with an unfair labor practice. Barbary Coast was not required to risk a lawsuit by refusing to arbitrate with the hopes that its decision would be confirmed. By proceeding up to arbitration, and then objecting to the arbitrator's jurisdiction upon the commencement of the hearing, Barbary Coast accomplished the twin tasks of avoiding a claim of an unfair labor practice while appropriately reserving the question of the arbitrator's jurisdiction,

without consenting to arbitration. As the Union has not alleged conduct which explicitly manifests an intention to arbitrate, the Union's claim of an implied contract to arbitrate the Whittle grievance does not have merit. Accordingly,

IT IS **ORDERED** that Barbary Coast's motion for summary judgment (# 6) is GRANTED.

IT IS FURTHER **ORDERED** that the Union's cross motion for summary judgment (# 8) is DENIED.

IT IS FURTHER **ORDERED** that the arbitration decision rendered on August 19, 1998 is VACATED for lack of jurisdiction.

IT IS FURTHER **ORDERED** that the Clerk shall enter judgment accordingly.