The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Appellant,

v.

LOCALS NOS. 70, 85, AND 315, OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, Appellees.

No. 73–3221.

United States Court of Appeals, Ninth Circuit.

Feb. 18, 1975.

John J. Balluff, Los Angeles, Cal., for appellant.

Duane B. Beeson, of Brundage, Neyhart, Grodin & Beeson, San Francisco, Cal., for appellees.

## OPINION

Before BARNES and CHOY, Circuit Judges, and EAST, District Judge.*

PER CURIAM:

For the reasons stated in the opinion of Judge Peckham filed in the district court which we incorporate herein by appendix, we affirm the judgment below.

## APPENDIX

In the United States District Court
Northern District of California

----

| | |
|---|---|
| The Atchison, Topeka and Santa Fe Railway Company, a corporation, *Plaintiff,* vs. Locals Nos. 70, 85, and 315, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an unincorporated association, *Defendants.* | No. C-73-1219 RFP MEMORANDUM AND ORDER |

Defendant union locals are parties to a collective bargaining agreement with Santa Fe Trail Transportation Co. ("Trail"), a motor carrier, dealing in part with the loading and unloading of trailers or vans. Trail in turn has an oral contract with Atchison, Topeka & Santa Fe R. Co. ("Railway") under which Trail hauls highway trailers to and from customers of Railway, before or after said trailers have been carried "piggy-back" style by Railway.

One of the provisions of the collective bargaining agreement, requiring loading and unloading to be performed by employees working under the agreement, was found by the National Labor Relations Board (NLRB) to violate Section 8(e) of the National Labor Relations Act,

29 U.S.C. § 158(e). Prior to this determination and the ensuing injunction against enforcement of the provision in question, the union locals extracted substantial payments from Trail to union members for work which would otherwise have been performed by the consignees, and Trail passed these costs on to Railway under a provision of the hauling agreement between the latter two. Railway now sues the union locals to recover these extra costs which were imposed upon Railway as a result of the union's unfair labor practice.

Railway's motion to amend its complaint, adding 28 U.S.C. § 1337 as a basis for jurisdiction, is granted as a matter of course, no responsive pleading having been filed. F.R.Civ.P. 15(a).

Defendants now move this court for an order dismissing the complaint on the grounds of lack of jurisdiction.

Plaintiff has cited, as the basis for jurisdiction, the following statutes: 28 U.S.C. §§ 1331, 1337; 29 U.S.C. §§ 185, 187.

■ As to the former two, this court is of the opinion that it is barred from taking jurisdiction of this matter by the so-called preemption doctrine, explained at length in San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), and reaffirmed more recently in Motor Coach Employees v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). Simply stated, the doctrine holds that "the National Labor Relations Act pre-empts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act." *Lockridge, supra,* 403 U.S. at 276, 91 S.Ct. at 1913. This doctrine has been consistently applied to block efforts of state and federal courts to regulate conduct "arguably subject to § 7 or § 8 of the Act," namely, unfair labor practices. Id. at 284, 91 S.Ct. at 1916; *see also, e. g.,* Marydale Products Co. v. United Packinghouse Workers of America, AFL–CIO, 322 F.2d 224 (5th Cir. 1963); Comb Construction Co. v.

* Honorable William G. East, District of Oregon, sitting by designation.

Hospital Board of Memorial Hospital, 57 CCH Lab.Cas. ¶ 12,403 (W.D.Wisc.1968). The doctrine represents a judicial attempt "to delimit state and federal judicial authority over labor disputes in order to preclude, so far as reasonably possible, conflict between the exertion of judicial and administrative power in the attainment of the multifaceted policies underlying the federal scheme." *Lockridge, supra,* 403 U.S. at 286, 91 S.Ct. at 1918.

The Supreme Court has, of course, recognized a number of exceptions to this preemption doctrine. *See, e. g., id.,* at 297–98, 91 S.Ct. 1909. The sole exception which concerns us here deals with situations in which Congress has affirmatively indicated that jurisdiction should exist; this leads us to a discussion of the final two statutes asserted as grounds for jurisdiction herein, both of which provide statutory exceptions to the preemption doctrine.

█ Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, provides for jurisdiction in the district courts over "suits for violation of contracts between an employer and a labor organization." Even reading this statute most favorably to plaintiff, there has been no *violation* of any contract or bargaining agreement; indeed, plaintiff complains precisely of the fact that the provisions in question, subsequently determined to be an unfair labor practice, were fully complied with. Assuming, for the moment, that plaintiff has been wronged by the actions in question, it is clear that the wrong arises not out of any violation of the contract or agreement, but rather out of the fact that a portion of the contract constituted an unfair labor practice. The identification and remedy of such wrongs, to the extent that any remedy is available, falls squarely within the jurisdiction of the NLRB under the preemption doctrine discussed above, and does not fall within the scope of § 185.

█ Section 303 of the Taft-Hartley Act, 29 U.S.C. § 187, provides for jurisdiction in the district courts over any claim of injury arising out of a labor organization's alleged violation of Section 8(b)(4) of the NLRA, 29 U.S.C. § 158(b)(4), declaring certain types of strikes, threats and boycotts to be unfair labor practices. Plaintiff argues that in order to effectuate fully the Congressional purpose expressed in § 187, the court should read this highly specific provision as embracing § 158(e) as well as § 158(b)(4) within the grounds for suit in the district court. Congress is perfectly free to broaden the scope of § 187 in the manner urged by plaintiff; this court is not free to do so. The court must presume that Congress, in its 1959 amendments adding Subsection 158(e) to the NLRA, could have amended § 187 with equal facility, had it chosen to do so.

For the reasons stated above, the court is forced to conclude that it is without jurisdiction over the claims raised by plaintiff. Accordingly, defendant's motion must be granted and the action must be, and hereby is, ordered dismissed.

(s) Robert F. Peckham
United States District Judge

## JUDGMENT

This matter having come before the Court upon defendants' motion to dismiss, and the issues having been duly presented by counsel in the papers filed herein, in accordance with this Court's Memorandum and Order handed down this date,

It is hereby ordered and adjudged that defendants' motion to dismiss is granted, and the action is dismissed.

Dated: October 26, 1973.

(s) Robert F. Peckham
United States District Judge