967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ted A. CHERVIN, Plaintiff,
and
Don FLETCHER; Norma Reeves; Don Smith, Plaintiffs-Appellants,
v.
SULZER BINGHAM PUMPS, INC., Defendant-Appellee.
 No. 91-35144.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1992.
Decided May 29, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Former employees (employees) of Sulzer Bingham Pumps (Sulzer) appeal from a district court order (1) denying their motion to amend their complaint and (2) granting summary judgment to Sulzer on the ground that the employees' health benefits were not vested and that Sulzer reserved the right to modify or terminate benefits at any time. The district court had jurisdiction pursuant to 29 U.S.C. § 1132(e)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 * Employees sought to amend their complaint to state a claim under section 404(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1104(a) (ERISA). They argue that Sulzer breached a fiduciary duty under that section to administer the company's benefits plan "solely in the interest of the participants and beneficiaries" by favoring current non-handicapped workers over handicapped workers receiving long-term disability benefits. We review a trial court's denial of leave to amend the complaint after a responsive pleading has been filed for an abuse of discretion. See Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau, 701 F.2d 1276, 1292-93 (9th Cir.), cert. denied, 464 U.S. 822 (1983).
 
 
 5
 The section 404(a) requirement that plan fiduciaries discharge their duties "solely in the interest of the participants and beneficiaries" does not override the well-established rule that an employer is free to change or terminate unvested welfare benefit plans. An employer does not act in the capacity of a fiduciary under section 404(a) when amending or terminating an unvested welfare benefits plan.
 
 
 6
 Employees cite Winpisinger v. Aurora Corp., 456 F.Supp. 559, 566 (N.D.Ohio 1978) (Winpisinger ), and Jansen v. Greyhound Corp., 692 F.Supp 1029, 1038 (N.D. Iowa 1987) (Jansen ), as support for their fiduciary duty argument. They do not apply. Winpisinger involved a reduction of vested pension benefits, unlike the unvested benefits at issue here. Winpisinger, 456 F.Supp. at 566-67 & n. 4. In Jansen, the court found that the employer had not reserved the right to reduce or terminate retiree benefits and that the parties had contracted for the vesting of certain medical benefits. Jansen, 692 F.Supp. at 1034. Neither of these conditions is present in this case.
 
 
 7
 Therefore, the district court did not abuse its discretion in denying leave to amend the complaint because amendment would have been futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 II
 
 8
 Employees argue that the district court erred in entering summary judgment in favor of Sulzer because a triable issue of fact remains on the issue whether Sulzer unambiguously reserved the right to reduce or eliminate certain welfare benefits. We review the summary judgment de novo. Continental Casualty Co. v. City of Richmond, 763 F.2d 1076, 1078-79 (9th Cir.1985).
 
 
 9
 Employees point to written and oral evidence in support of their claim that a genuine issue of fact exists regarding Sulzer's reservation of its right to alter plan benefits. Because the plan contains a clear reservation of Sulzer's right to amend or terminate plan provisions, this extrinsic evidence will not be considered.
 
 
 10
 Sulzer unambiguously reserved the right to alter or terminate plan provisions in the Summary Plan Description (SPD) of the welfare benefits plan. ERISA requires the terms of a plan to be contained in a formal written document and an SPD. See 29 U.S.C. § 1102(a)(1). The SPD is the statutorily established means of informing participants of the terms of the plan and its benefits. Id. §§ 1022(a), 1102. Therefore, the district court properly granted summary judgment because "the contract provision in question is unambiguous." Bower v. Bunker Hill Co., 725 F.2d 1221, 1223 (9th Cir.1984) (Bower ), citing Castaneda v. Dura-Vent Corp., 648 F.2d 612, 619 (9th Cir.1981).
 
 
 11
 Employees argue that Bower, a non-ERISA case, supports their position that extrinsic evidence should be considered here. Even if we assume that oral evidence may modify ERISA plans, employees still would not prevail. In Bower, we determined that the contractual language did not explicitly address the issue that was before us. Bower, 725 F.2d at 1223. Because we were "[u]nable to resolve th[e] lawsuit on the basis of contractual language," we looked to extrinsic evidence to determine if summary judgment was properly granted. Id. at 1223-24. In this case, the SPD adequately and unambiguously states Sulzer's reservation of its right to reduce or terminate plan provisions. Resort to extrinsic evidence is unnecessary.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable David F. Levi, United States District Judge, Eastern District of California, sitting by designation
 
 
 **
 Note: This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3