12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America for the Use of SUPERIOR ELECTRIC,
INC., a Nevada corporation, Plaintiff-Appellant,
v.
SLETTEN CONSTRUCTION, a Montana corporation; St. Paul Fire
& Marine Insurance Company, a Minnesota
corporation, Defendants-Appellees.
 No. 92-15135.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Nov. 30, 1993.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Superior Electric, Inc. ("Superior") was the electrical subcontractor, and Sletten Construction Company ("Sletten") was the prime contractor, on a federal construction project. Superior filed suit against Sletten and Sletten's surety, St. Paul Fire and Marine Insurance Company ("St. Paul"), seeking payment for work performed beyond the terms of the original contract with Sletten. The district court granted summary judgment for Sletten and St. Paul on the grounds a Supplemental Agreement executed on August 12, 1987 barred Superior from seeking additional payment. The district court also denied Superior's motion to amend the judgment holding that Superior was not entitled to money allocated in a joint defense agreement between Sletten and Reynolds Electrical and Engineering Company ("REECo"). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Enforceability and Effect of Supplemental Agreement
 
 
 4
 Superior claims the Supplemental Agreement does not bar its suit against Sletten and St. Paul for additional compensation. A grant of summary judgment is reviewed de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). In contract cases, summary judgment is only appropriate if the contract provision is unambiguous. Castaneda v. Dura-Vent, Corp., 648 F.2d 612, 619 (9th Cir.1981). A contract provision is ambiguous "if it is reasonably susceptible of more than one construction or interpretation." Id. The determination of whether contract language is ambiguous is a question of law. L.K. Comstock & Co. v. United Eng'rs & Constructors, Inc., 880 F.2d 219, 221 (9th Cir.1989).
 
 
 5
 The Prime Contract between Sletten and REECo and the Subcontract between Sletten and Superior established a dispute resolution mechanism for handling Superior's claims against REECo. The Subcontract required Sletten to "present" Superior's claims to REECo. The Prime Contract required REECo, upon submission of the claims in writing, to "furnish a written decision ... within thirty (30) days or such additional period as may be mutually agreed to." If Superior was dissatisfied with the result, it could seek recourse in the courts.
 
 
 6
 In 1987, Superior's rights changed when it entered into the Supplemental Agreement with Sletten. Superior had suffered financial difficulties and wanted advance payment for its work. In exchange for Sletten's advance payment and promise to use its "best effort in the processing or prosecution" of Superior's claims against REECo, Superior agreed that if a "claim and/or change [wa]s denied by [REECo], Superior waive[d] any right to receive payment from Sletten."
 
 
 7
 It is undisputed that Sletten submitted Superior's claims to REECo on several occasions. REECo, however, issued decisions rejecting those claims. Consequently, Superior has no recourse against Sletten. By executing the Supplemental Agreement in exchange for advance payment, Superior bargained away the right to seek additional compensation from Sletten.
 
 
 8
 Superior argues that Sletten did not use its "best effort" in processing Superior's claims against REECo. Seizing on language in Paragraph 7 of the Supplemental Agreement, Superior contends Sletten was required to litigate against REECo to satisfy the "best effort" obligation. To support this interpretation, Superior cites its right in the Supplemental Agreement to request that Sletten "formally process any claims" and Sletten's duty "to put forth its best effort in the processing or prosecution of any claim against [sic] [REECo] sought by Superior."
 
 
 9
 We, however, believe the Supplemental Agreement cannot reasonably be construed to require Sletten to litigate Superior's claims against REECo. The dispute resolution procedure outlined in the Prime Contract and Subcontract was the method by which Sletten could "formally process" Superior's claims. Sletten complied with that procedure. REECo's denial of the claims extinguished any further obligation or liability on behalf of Sletten. Therefore, summary judgment was appropriate.
 
 II
 
 10
 Superior's Right to Recover Settlement Funds
 
 
 11
 The district court also denied Superior's motion to amend the judgment. We review a decision regarding a motion to amend the judgment for abuse of discretion. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986).
 
 
 12
 Superior claimed it was entitled to $300,000 because the joint defense agreement between Sletten and REECo provided that REECo would pay the first $300,000 of any judgment in favor of Superior. This claim is without merit. The joint defense agreement was an allocation of risk between Sletten and REECo as part of their global settlement. REECo or Sletten did not recognize the validity of Superior's claims. Superior simply has no claim to that allocation. Therefore, we conclude the district court did not abuse its discretion by denying Superior's motion to amend the judgment.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3