NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PERFORMANCE JET SKIS, LLC; WORLDWIDEWEBBSOLUTIONS, LLC; A&F LOGISTICS, LLC, individually and on behalf of all others similarly situated,

Plaintiffs - Appellants,

v.

BANK OF AMERICA, N.A.,

Defendant - Appellee,

No. 25-2438

D.C. No.
2:24-cv-02328-MRA-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Argued and Submitted April 22, 2026
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.[**]

Plaintiffs-Appellants are three California businesses: Performance Jet Skis,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, Fifth Circuit, sitting by designation.

LLC, WorldWideWebb Solutions, LLC, and A&F Logistics, LLC. Plaintiffs each have business accounts with Defendant-Appellee Bank of America, N.A. ("BANA"), and filed a class action challenging BANA's practice of charging various overdraft fees.

Each Plaintiff signed BANA's standard Deposit Agreement. The agreement includes a section titled "How Claims on Business Accounts will be Resolved," which provides:

> You have the right to compel us at your option, and we have the right to compel you at our option, to resolve a Claim relating to a business account by binding arbitration. If neither you nor we decide to compel arbitration, then the Claim will be resolved in court by a judge without a jury, as permitted by law. There is an exception for Claims brought in a California state court. If a Claim relating to a business account is brought in a California state court, either you or we can seek to compel the other to have the Claim resolved by general reference to a judicial referee under California Code of Civil Procedure (C.C.P.) Section 638, as provided below. Both parties may also agree to resolve their disputes through judicial reference.

These provisions (the "Dispute Resolution Provisions") thus provide three options for resolving claims, subject to certain circumstances: arbitration, a bench trial, or judicial reference. The latter option is a special procedure in California, wherein a court-appointed referee resolves the case, while the court retains judicial oversight over the decision. *See* Cal. Civ. Proc. Code § 638.

This appeal concerns the threshold question of which procedural resolution pathway applies under the Deposit Agreement. After BANA removed the case from

California state court to federal court, it moved to compel arbitration. Plaintiffs subsequently moved to compel judicial reference. The district court granted BANA's motion and denied Plaintiffs' motion, reasoning that the contract language was not ambiguous and that Plaintiffs' interpretation of the Dispute Resolution Provisions, which permitted them to move to compel judicial reference after BANA invoked the right to arbitrate, was unreasonable. Accordingly, the district court held that "the agreement compels only one result: that either party has the right to compel arbitration."

We review a district court's "order compelling arbitration" and its "interpretation of a contract's language" de novo. *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1041 (9th Cir. 2020). Additionally, "[w]hether a contract is ambiguous is a matter of law we also review de novo." *Id.* The parties agree that California law applies, under which "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. We affirm.

The question before us on appeal is whether the district court erred in finding no ambiguity in the contract and, likewise, adopting BANA's interpretation such that the parties can only invoke judicial reference in the absence of arbitration. California courts consider a contract provision to be "ambiguous when it is capable of two or more constructions, both of which are reasonable." *MacKinnon v. Truck*

*Ins. Exch.*, 73 P.3d 1205, 1213 (Cal. 2003); *see also Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir. 1981). However, "[t]he mere fact that a word or phrase . . . may have multiple meanings does not create an ambiguity." *Yahoo Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 519 P.3d 992, 999 (Cal. 2022) (internal quotation marks and citation omitted). Thus, the issue distills into whether, under California law, both parties offer reasonable interpretations or whether there is one clear reading of the contract.

The parties offer two alternative interpretations of the Dispute Resolution Provisions. Plaintiffs argue that judicial reference is an exception to *both* arbitration and a bench trial. They reason that, even though arbitration is styled as a "right," there are still exceptions to rights. Alternatively, asserting that their reading is at least plausible, Plaintiffs contend that the contract is ambiguous and should therefore be construed against BANA as the drafter. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (under California law, ambiguities in contracts of adhesion "must be resolved against the draftsman"). In contrast, BANA maintains that the contract is unambiguous. It reasons that compelling arbitration is a "right" that each party holds under the Deposit Agreement, and therefore, judicial reference can *only* be compelled if neither party exercises its right to compel arbitration.

Giving effect to the Dispute Resolution Provisions as a whole, we find that they are not ambiguous and that BANA's proffered interpretation is the most natural

reading.

First, the parties' interpretive divergence largely centers around whether the limiting prefatory clause in Sentence 2—"[i]f neither you nor we decide to compel arbitration"— applies only to bench trials, or whether it also serves to limit the sentences about judicial reference that follow. Plaintiffs argue that the limiting clause does not apply to judicial reference, as doing so would require effectively reinserting such limiting language in later sentences and interfering with the contract language as written. Conversely, BANA argues that the limiting clause separates the first provision regarding arbitration from the remainder of the provisions discussing both bench trials and judicial reference.

Here, we agree with BANA's interpretation, finding that the limiting clause marks a natural break between the right to arbitrate and the other two judicial resolution pathways. For one, California courts have "[t]he general rule [] that if a general and specific provision are inconsistent, the specific provision will control." *Wilder v. Wilder*, 291 P.2d 79, 83 (Cal. 1955). The specific provision—here, the limiting clause—would thus control the more general judicial reference exception that follows. The "exception" for judicial reference for claims brought in a California state court is therefore more naturally read as an exception to the preceding sentence, which refers to claims resolved in a court, when neither side has compelled arbitration.

Moreover, this interpretation makes practical sense. The judicial reference process emerges from court proceedings, with court-appointed judicial referees acting in lieu of judges. *See Trend Homes, Inc. v. Super. Ct.*, 32 Cal. Rptr. 3d 411, 414 (Cal. Ct. App. 2005) (describing judicial reference as a process that "involves sending a *pending trial court action* to a referee for hearing, determination and a report back to the court") (emphasis added), *abrogated on other grounds by Tarrant Bell Prop., LLC v. Superior Ct.*, 247 P.3d 542 (Cal. 2011). Indeed, as California courts have observed, judicial reference proceedings are effectively a "trial by a referee, as opposed to the court or a jury." *Id.* Because a bench trial is only the default resolution pathway if neither party exercises the right to arbitration, it is most natural to read judicial reference as an exception nested within that pathway.

Second, giving effect to the language as written, the arbitration provision in the Dispute Resolution Provisions is styled as a "right." *See City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 80 Cal. Rptr. 2d 329, 349 (Cal. Ct. App. 1998) ("Courts must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative or meaningless."); *accord Int'l Bhd. of Teamsters*, 957 F.3d at 1042. As written, and as the parties agreed to, the "right" to compel arbitration stands apart from the other procedural resolution pathways. This understanding is reinforced by the fact that judicial reference is discretionary, not mandatory, even

where the parties have agreed to it. *See Tarrant Bell*, 247 P.3d at 543 ("[T]he legislative history of section 638 unmistakably shows a legislative intent to give trial courts discretion not to enforce valid reference agreements."). If judicial reference provided an exception to the right to arbitration, it "would completely undermine" it, as the district court held. In practice, under Plaintiffs' interpretation, the right to arbitrate would have no force when a case is filed in California state courts, because plaintiffs would hold a first-mover advantage and always be able to compel judicial reference.

For these reasons, the district court's order granting BANA's motion to compel arbitration and denying Plaintiffs' motion to compel judicial reference is

**AFFIRMED.**

25-2438