Sarah **ADAMS, etc., et al., Plaintiffs,**

v.

**CROMPTON & KNOWLES CORPORATION, Defendant.**

**Civ. A. No. 82–1628.**

United States District Court, D. New Jersey.

Nov. 10, 1982.

Richard S. Mazawey, Clifton, N.J., for plaintiffs.

Apruzzese & McDermott, P.C. by Francis A. Mastro, Springfield, N.J., for defendant.

## OPINION

CLARKSON S. FISHER, Chief Judge.

Plaintiffs Sarah Adams and the Oil, Chemical and Atomic Workers International Union, AFL–CIO (the Union), move to vacate an arbitration award which upheld defendant's termination of Sarah Adam's employment. Defendant, Crompton & Knowles Corporation, moves for a summary judgment seeking confirmation of the arbitration award. For the reasons stated herein, plaintiffs' motion is denied and defendant's motion is granted.

Plaintiff Sarah Adams was employed by defendant as a production employee and member of the collective-bargaining unit represented by the Union. In December 1980 she was discharged as an employee for illegal job action. On February 5, 1981, the Union submitted a grievance relating to the discharge to arbitration. Article XVIII of the collective-bargaining agreement, governing the terms and conditions of employment in defendant's company, provides for the resolution of controversies between the company and the Union through a defined grievance procedure culminating in final and binding arbitration. After considering the evidence and briefs submitted by both parties, the arbitrator, Meyer Drucker, found that there was just cause for the discharge and plaintiffs' grievance was denied.

Plaintiffs seek to vacate the arbitration award on the grounds that (1) there was undue delay in bringing the grievance to arbitration, (2) it was based on erroneous facts, and (3) it did not draw its essence from the collective-bargaining agreement. Defendant seeks confirmation of the arbitration award and alleges that Sarah Adams lacks standing to challenge the arbitration award.

An individual employee may, with significant limitations, bring suit against his employer for wrongful discharge. *See Harrison v. Chrysler Corporation,* 558 F.2d 1273, 1276 (7th Cir.1977). However, an employee is not entirely free to bring such a suit if the collective-bargaining agreement provides for the resolution of disputes arising under it. *F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union,* 629 F.2d 1204, 1208 (7th Cir.1980).[1]

In the present case, the collective-bargaining agreement mandates that the Union has the exclusive power to enforce the rights of employees in resolution of a dispute. As such, an individual employee may not bring an action to vacate an arbitration award.

Several courts have held that an employee may attempt to vacate an arbitration award only if the Union has breached

---

1. The court considered the following factors: (1) whether the individual employees sued to uphold the arbitration award or vacate it, and (2) whether the union pursued an appeal on behalf of the employees or abstained. Thus the court granted standing to individual employees only because the union was indifferent to their desire to uphold the arbitration award.

its duty of fair representation. See *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Acuff v. United Paper Makers and Paper Workers, AFL–CIO*, 404 F.2d 169 (5th Cir.1968), *cert. denied*, 394 U.S. 987, 89 S.Ct. 1466, 22 L.Ed.2d 762 (1969); *Andrus v. Convoy Company*, 480 F.2d 604 (9th Cir.1973), *cert. denied*, 414 U.S. 989, 94 S.Ct. 286, 38 L.Ed.2d 228. There is no allegation of less than fair representation by the Union. In fact, the Union is avidly pursuing Sarah Adams' claim to vacate the arbitration award as a co-plaintiff in this action. I am persuaded, therefore, that Sarah Adams lacks standing. This finding, however, is of more academic interest than practical consequence because the Union has standing to challenge the arbitration award.

The scope of review of an arbitrator's award is extremely limited. As the Supreme Court stated in *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960),

> the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

Similarly, the Third Circuit has held that an arbitration award should not be vacated "unless it cannot in any rational way be derived from the collective bargaining agreement." *United Steelworkers of America v. Smelting and Refining Co.*, 648 F.2d 863, 867 (3d Cir.1981); *see ARCO-Polymers, Inc. v. Local 8–74*, 671 F.2d 752, 755 (3d Cir.1982).

In this case, Sarah Adams was discharged for encouraging other employees not to assist non-bargaining-unit laboratory technicians. In a comprehensive opinion, the arbitrator found that her action clearly violated provisions of the collective-bargaining agreement, particularly article XIX, for which the company had the right to "impose proper discipline, up to and including discharge."

I find that the arbitration award derives its essence from the collective-bargaining agreement. This is not one of the narrowly defined situations in which judicial review is proper. I find no merit in plaintiffs' contention that there was undue delay in bringing the grievance to arbitration. The arbitration award is therefore confirmed. An order accompanies this opinion. No costs.