**Joseph DeFILLIPPES, Plaintiff,**

v.

**The STAR LEDGER, Defendant.**

**Civ. No. 93–1381 (HLS).**

United States District Court, D. New Jersey.

Sept. 13, 1994.

Frank J. Fitzsimmons, Fitzsimmons, Ringle & Jacobs, P.C., Newark, NJ, for plaintiff.

Steven L. Lapidus, Robinson, St. John & Wayne, Newark, NJ, Sidney D. Kress, Sabin, Bermant & Gould, New York City, for defendant.

SAROKIN, District Judge.

Before the court are defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment.

*Background*

Plaintiff Joseph DeFillippes ("DeFillippes") was employed as a newspaper delivery driver by defendant Newark Morning Ledger Company, sued here as The Star Ledger, ("the Ledger") and also served as an official of the Newspaper and Mail Deliverers' Union of New York and Vicinity ("the Union"), which represents some Company employees. DeFillipes delivered *The Star Ledger* newspaper for over twenty years.

The collective bargaining agreement ("the Contract") between the Union and the Ledger contains a grievance and arbitration clause but no progressive discipline clause. The Contract permits termination for "just cause," but does not define the phrase.

The Contract also permits the Ledger to adopt rules and regulations not in conflict with the Contract. Office Rule No. 21, posted by the Ledger, directs "Delivery is to be made in reverse order of the listings on the manifest unless permission is granted by the General Foreman."

The Ledger discharged DeFillippes on July 28, 1992 for allegedly making unauthorized deliveries to a drop not on his manifest. Plaintiff received no express warning prior to his discharge.

The Union submitted plaintiff's discharge to arbitration in accordance with the Contract.[1] Plaintiff was not himself a party to the proceeding. The stipulated question for arbitration read "Was the discharge of Joseph DeFillippes for just cause; if not, what shall be the remedy?"

Before the arbitration hearing was held, plaintiff filed an unfair labor practice charge with the National Labor Relations Board ("N.L.R.B.") alleging that the Ledger had discharged him because of his union activism. The N.L.R.B. deferred further action on the charge pending the arbitration proceeding.

During the arbitration hearing, in which the Union and the Ledger were represented by counsel, both sides called witnesses, conducted cross-examinations, and made closing arguments. Plaintiff himself testified. The arbitrator issued a decision and award on December 3, 1992 concluding that the Ledger had discharged plaintiff for just cause. The Union did not seek judicial review of the award and is not a party to this case.

After arbitration, plaintiff asked the N.L.R.B. not to defer to the award and submitted a brief in support of this position. Nonetheless, on August 12, 1993 the N.L.R.B. Regional Director decided to defer to the arbitrator's decision, finding that the arbitration had been "fair and regular," and thus declined to issue a complaint regarding plaintiff's charge of anti-union bias by the Ledger. Plaintiff's appeal to the N.L.R.B. General Counsel was denied on October 25, 1993. On November 30, 1993 and upon plaintiff's request for reconsideration, the

---

1. The Union also submitted to arbitration the Company's discharge of a second employee who allegedly made unauthorized drops. Both discharges were considered in the same proceeding.

N.L.R.B. General Counsel affirmed the deferral to the arbitrator's award and the refusal to issue a complaint against the Ledger.

Meanwhile, on May 10, 1993 plaintiff filed a second unfair labor practice charge alleging that the Union had breached its duty of fair representation in its conduct of the arbitration hearing. On June 30, 1993 the N.L.R.B. Regional Director refused to issue a charge against the Union, finding that "the Union represented [plaintiff] at the arbitration hearing ... presented witnesses and evidence, and forcefully argued on [plaintiff's] behalf." Plaintiff appealed the Regional Director's refusal to issue a complaint, but on July 28, 1993 the N.L.R.B. General Counsel denied the appeal.

On or about March 5, 1993, plaintiff commenced this action in the Superior Court of New Jersey, Chancery Division, Essex County. On March 30, 1993 defendant filed a Notice of Removal and Certificate of Service with this court. On July 6, 1993 this court denied defendant's motion to dismiss the complaint and granted plaintiff leave to amend his complaint.

Plaintiff now moves for summary judgment vacating the arbitrator's award and reinstating him with backpay.[2] Defendant moves for summary judgment dismissing the complaint.

For the reasons stated below, plaintiff's motion is denied and defendant's motion is granted.

*Discussion*

This court will grant summary judgment when there are no issues of material fact presented in admissible form and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 83 (3d Cir.1987). In opposition to a motion for summary judgment, a party

must do more than simply show that there is some metaphysical doubt as to the material facts. ... In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial.

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

*1. Standard of review*

Judicial review of labor arbitration decisions is extremely limited. *United Paperworkers International Union v. Misco, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). When an employer and union agree to binding arbitration, courts "should not undertake to review the merits of arbitration awards but should defer to the tribunal chosen by the parties finally to settle their disputes." *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 563, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *United Steelworkers of Am. v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 596, 598–99, 80 S.Ct. 1358, 1361–1362, 4 L.Ed.2d 1424 (1960). "[T]here must be absolutely no support at all in the record justifying the arbitrator's determination for a court to deny enforcement of an award." *News America Publications, Inc., Daily Racing Form Div. v. Newark Typographical Union, Local 103,* 918 F.2d 21, 24 (3d Cir.1990), *reh'g denied en banc,* 921 F.2d 40 (3d Cir.1990). *See also Stroehmann Bakeries, Inc. v. Local 776, International Brotherhood of Teamsters,* 969 F.2d 1436, 1441 (3d Cir.1992), *cert. denied —— U.S. ——,* 113 S.Ct. 660, 121 L.Ed.2d 585 (1992). As Judge Higginbotham noted, the result is a "singularly undemanding" judicial scrutiny. *News America v. Newark Typographical,* 918 F.2d at 24.[3]

An employee not a party to arbitration between an employer and union is rarely permitted even this slight judicial oversight. *Wigley v. Edward Don & Co.,* 1989 WL 158846 (D.N.J.1989); *Adams v. Crompton &*

---

2. In his moving brief, plaintiff contends that the arbitrator exceeded his authority or imperfectly executed his powers. Only in his reply brief does plaintiff argue that the union breached its duty of fair representation and that the proceeding was inadequate.

3. This extreme deference has received some recent criticism. *See News America v. Newark Typographical,* 921 F.2d at 41 (Becker, Statement Sur Denial of Rehearing In Banc); *Stroehmann v. Local 776,* 969 F.2d at 1447 (Becker, dissenting).

*Knowles Corp.,* 587 F.Supp. 561, 562 (D.N.J. 1982), *aff'd* 722 F.2d 730 (3d Cir.1983); *Mosco v. Corning Glass Works,* 120 L.R.R.M. 2861, 1985 WL 56772 (W.D.Pa.1985). Courts do recognize exceptions, however, when an employee demonstrates that the union breached its duty of fair representation, *Vosch v. Werner Continental, Inc.,* 734 F.2d 149, 154 (3d Cir.1984), *cert. denied,* 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 779 (1985); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); or that the integrity of the grievance procedure was tainted, *Vosch v. Werner,* 734 F.2d at 154; *Castaneda v. Dura–Vent Corp.,* 648 F.2d 612, 619 (9th Cir.1981).[4] Such suits are authorized under Labor Management Relations Act § 301, 29 U.S.C. § 185 (1976).

### 2. Breach of the duty of fair representation

■ Plaintiff contends that the Union breached its duty of fair representation by conducting the arbitration hearing in a manner that was arbitrary, discriminatory, and in bad faith. *See Vaca v. Sipes,* 386 U.S. at 190, 87 S.Ct. at 916–17; *Vosch v. Werner,* 734 F.2d at 154; *Castaneda v. Dura–Vent,* 648 F.2d at 618. "A union's actions are arbitrary or discriminatory where it ignores or perfunctorily handles grievances or where its acts or omissions reflect reckless disregard for the rights of the individual employee." *Id.* at 618.

Specifically, plaintiff claims that the Union's counsel did not challenge the enforceability of Office Rule No. 21 or the adequacy of the Ledger's warning to plaintiff. Plaintiff also argues that the Union attorney did not sufficiently develop plaintiff's assertions that he was discharged for union activism and that other employees observed making unauthorized deliveries were not discharged. Lastly, plaintiff alleges a breach of the duty of fair representation in the Union's acquies-cence to the Ledger's adoption of Office Rule No. 21.

Defendant responds that each of the above points was fully contested in arbitration, and the Union attorney's performance does not amount to a breach of the duty of fair representation. Defendant also notes that in declining to issue a complaint against the Union for breach of its duty of fair representation, the N.L.R.B. characterized the Union's case before the arbitrator as "forcefully argued."

■ While the Union's advocacy in the arbitration proceeding was ultimately unsuccessful, defendant is correct that the duty of fair representation was not breached. First, plaintiff concedes that the Union attorney objected to the admission into evidence of the Office Rules, including No. 21. Pl. Reply at 9.[5] Second, the necessity and adequacy of a pre-discharge warning to plaintiff was clearly raised: the arbitrator determined that plaintiff "was not expressly given a warning" but was "reminded and put on notice" that unauthorized deliveries were grounds for discharge. Kress Aff., Ex. 5, p. 16.[6] Third, even if plaintiff's allegations that the Union attorney failed to develop certain arguments at the arbitration are well-founded, they constitute mere disagreements over tactics and strategy, not a breach of the duty of fair representation. *See Cannon v. Consolidated Freightways Corp.,* 524 F.2d 290, 294 (7th Cir.1975) (union's failure to raise defense that rule relied upon by company to discharge employee was improperly adopted not breach of duty to fair representation); *Liotta v. National Forge Co.,* 473 F.Supp. 1139 (W.D.Pa.1979), *aff'd in part and rev'd in part,* 629 F.2d 903 (3d Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981).

There is no dispute that the Union pursued plaintiff's grievance up to and including arbitration, at which time the Union attorney

---

4. Courts will also set aside arbitration awards that are contrary to public policy. *Stroehmann v. Local 776,* 969 F.2d at 1441. Plaintiff makes no such allegation here.

5. That the objection was ineffectual does not make it "perfunctory."

6. Testimony before the arbitrator indicated that at a meeting of union officials and management attended by plaintiff, management stated that unauthorized deliveries would be grounds for discharge. Thus, the arbitrator must have concluded that notice to plaintiff that unauthorized deliveries were grounds for discharge, without an express warning, was adequate under the Contract.

questioned plaintiff, called witnesses on his behalf, and cross-examined the Ledger's witnesses. The lack of an express pre-discharge warning to plaintiff and concerns about the adoption of the Office Rule No. 21 were presented to the arbitrator. The N.L.R.B. rejected plaintiff's claim that the Union had breached its duty of fair representation. Plaintiff has failed to present any evidence to this court requiring a contrary conclusion.

Even assuming everything alleged by plaintiff to be true, the circumstances of his discharge do not fit within the exception to the general rule of deference to arbitrator's awards for a union's breach of the duty of fair representation. *See Vosch v. Werner,* 734 F.2d at 154.

### 3. Sham, substantially inadequate, or substantially unavailable grievance procedure

■ Plaintiff also maintains that he is entitled to judicial review of the arbitration decision because the Contract's grievance procedure was a "sham, substantially inadequate or substantially unavailable," *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), *reh'g denied,* 376 U.S. 935, 84 S.Ct. 697, 11 L.Ed.2d 655 (1964); *Vosch v. Werner,* 734 F.2d at 154. Plaintiff offers several reasons for this characterization: the arbitrator did not specifically address plaintiff's claim that he was discharged for union activism; the arbitrator found that plaintiff received no express warning yet upheld his discharge; and Office Rule No. 21 was admitted into evidence.

Whether considered individually or in sum, these objections do not impugn the integrity of the arbitration proceeding, and they do not persuade this court that the entire grievance procedure was a sham, substantially inadequate, or substantially unavailable.

First, the arbitrator's determination that plaintiff was discharged for cause necessarily included consideration of DeFillippes' assertion of pretext.[7] Similarly, the arbitrator considered plaintiff's argument that the Ledger was required to but did not follow a progressive discipline procedure, including a pre-discharge warning. In the absence of a progressive discipline clause in the Contract, the arbitrator's conclusion that plaintiff's discharge without prior express warning was permissible does not reflect "manifest disregard of the agreement, totally unsupported by principles of contract construction." *News America v. Newark Typographical,* 918 F.2d at 24, quoting *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir. 1969). Lastly, the arbitrator's choice to admit into evidence the Ledger's Office Rule No. 21 in no way renders the entire proceeding a sham. *See Cannon v. Consolidated Freightways,* 524 F.2d at 294.

### Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

---

**7.** The N.L.R.B. was also satisfied that the decision addressed plaintiff's complaint of antiunion bias by the Company and refused to issue a complaint on this very charge, even after an appeal and a reconsideration by the Board's General Counsel.